Filed 7/3/23  Shasta County Dept. of Child Support Services v. Lanzit CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| SHASTA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SARAH LANZIT, <br><br> Defendant and Appellant. | C096790 <br><br> (Super. Ct. No. 29049) |

Sarah Lanzit, appellant, appearing in propria persona, appeals from a court order for child support.  Appellant filed a six-page opening brief, with attachments.  Unfamiliar with the principles of law governing the trial court's ruling and the limited scope of appellate review, appellant's brief does little more than demonstrate her frustration with the judicial process.  It is, indeed, difficult even to discern what her claim or claims on appeal might be; she has thus failed to preserve them.

It is a fundamental principle of the appellate procedure that a trial court order or judgment is ordinarily presumed to be correct, and the burden is on an appellant to affirmatively demonstrate that the trial court committed an error that justifies the reversal

1

of the order or judgment.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 822.)  To affirmatively show that error occurred, an "appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error."  (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; see *Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685 ["appellant must affirmatively demonstrate error through reasoned argument, citation to the appellate record, and discussion of legal authority"].)  "[C]onclusory claims of error will fail."  (*In re S.C.*, at p. 408.)

Self-represented litigants are held to the same standards as attorneys and must comply with the rules of procedure and appellant's brief fails on all of these grounds. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)  Under the circumstances, appellant has forfeited her claims of error.

DISPOSITION

The trial court's order is affirmed.  The parties each shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

_____

HULL, Acting P. J.

We concur:

_____

RENNER, J.

_____

EARL, J.

2